THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00172-MR

| | |
|---|---|
| PAULA ABSHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 9] and the Defendant's Motion for Summary Judgement [Doc. 12].

**I.     BACKGROUND**

On May 12, 2016, the Plaintiff, Paula Absher ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act") alleging an onset date of disability of January 1, 2016. [Transcript ("T.") at 15]. The Plaintiff's claims were initially denied on August 18, 2016, and again denied upon reconsideration on November 3, 2017. [Id.]. On the Plaintiff's request, a hearing was held on August 2, 2018, before an

Administrative Law Judge ("ALJ"). [Id.]. On October 25, 2018, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 12].

On October 28, 2019, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation

2

marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

3

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV.  THE ALJ'S DECISION

On October 25, 2018, the ALJ issued a decision denying the Plaintiff benefits. [T. at 15]. At the outset, the ALJ noted that the Plaintiff previously had filed applications for a period of disability and disability insurance benefits on February 24, 2012, which were denied initially and on reconsideration. [Id.]. Citing Social Security Acquiescence Ruling (AR) 00-1(4), and the Fourth Circuit's decision in Albright v. Commissioner of Social Security, 174 F.3d 473 (4th Cir. 1999) the ALJ indicated that these findings were relevant in assessing the Plaintiff's present disability claim. [Id. at 15]. The ALJ in that case denied the Plaintiff's claim on August 13, 2014, finding

6

that the Plaintiff retained the residual functional capacity for light level work with the limitation that she can never climb ladders and only occasionally climb stairs, can only occasionally stoop, balance, kneel, crouch, and crawl, and must avoid concentrated exposure to hazards. The Plaintiff was further limited by needing to use a cane for balance. [Id. at 92].

In the sequential evaluation, at step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since May 12, 2016, the application date. [T. at 18]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "degenerative disk disease of the lumbar spine, osteoarthritis of the knees, 5th metatarsal fracture of the left foot, diabetes, neuropathy, hypertension, fibromyalgia, obesity, anxiety, and depression." [Id.]. The ALJ found that the Plaintiff had the non-severe impairments of peripheral artery disease and hypercholesteremia. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.].

In determining the Plaintiff's RFC, the ALJ gave "some weight to the residual functional capacity established in the prior decision." [Id. at 24]. The ALJ concluded that the "subsequent evidence discussed above [in the decision] demonstrates a reduction in the [Plaintiff's] abilities since the prior

7

decision." [Id.]. The ALJ determined that the Plaintiff, notwithstanding her impairments, had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 416.967(a) except she should avoid all hazards such as unprotected heights and open machinery. No driving or operation of heavy equipment. She can frequently grasp, handle, and finger with the bilateral upper extremities. She can occasionally push, pull, and operate foot controls with the bilateral lower extremities. She can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but no crawling. The [Plaintiff] is limited to simple, routine, and repetitive tasks at a non-productive pace in a stable work setting. The work should not require conflict resolution or crisis management.

[Id. at 21].

At step four, the ALJ identified the Plaintiff's past relevant work as "Receptionist," "Housekeeper," and "Laundry Worker." [Id. 25]. The ALJ determined, however, that the Plaintiff "is unable to perform any past relevant work." [Id.]. At step five the ALJ concluded, based on the testimony of the vocational expert ("VE"), that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including "Order Clerk" and "Document Preparer." [Id. at 25–26]. The ALJ therefore concluded that the Plaintiff has not been "under a disability," as defined by the Act, from May 12, 2016, the date the application was filed. [Id. at 26].

## V. DISCUSSION[1]

The Plaintiff presents multiple assignments of error. The Plaintiff asserts, *inter alia*, that the ALJ erred in failing to consider the Plaintiff's peripheral artery disease ("PAD") and chronic venous insufficiency ("CVI") as severe impairments and in not considering these impairments in assessing the Plaintiff's RFC. [Doc. 10 at 14]. The Plaintiff contends that this failure affects the RFC which does not include a limitation "for taking breaks to lie down due to LE [lower extremity] swelling and ulceration or elevating the LEs to alleviate swelling and improve blood flow." [Id.]. The Defendant responds that the ALJ's failure to consider those impairments was a harmless error because the ALJ "considered these alleged impairments when formulating Ms. Absher's residual functional capacity." [Doc. 13 at 16].

### A. The ALJ's Failure to Find the Plaintiff's CVI and PAD "Severe"

The ALJ's determination at step two of the sequential evaluation process as to whether an impairment is severe is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe if it is only a "*slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

9

of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984) (citing Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)) (emphasis in original); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999); 20 C.F.R. § 404.1521(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Plaintiffs bear the burden to demonstrate their impairments are severe. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S. Ct. 2287, 2294 n.5 (1987). This is not a difficult standard for plaintiffs to satisfy. See Albright, 174 F.3d at 474 n.1.

Courts in this Circuit generally consider an ALJ's failure to list a specific impairment as severe in step two a harmless error so long as the ALJ found other severe impairments and continued the analysis. See Lewis v. Astrue, 937 F. Supp. 2d 809, 819 (S.D.W. Va. 2013) (applying harmless error standard where the ALJ proceeded to step three and considered non-severe impairments in formulating the claimant's RFC); Cowan v. Astrue, No. 1:11-cv-00007-MR, 2012 WL 1032683, at *3 (W.D.N.C. Mar. 27, 2012) (collecting cases); Spurlock v. Berryhill, No. 3:17-cv-02240, 2018 WL 1956119, at *14 (S.D. W. Va. Apr. 2, 2018) ("Courts in this circuit have held that failing to list a severe impairment at the second step of the process generally is not reversible error as long as the process continues and any functional effects

of the impairment are appropriately considered during the later steps.") (collecting cases) report and recommendation adopted, No. 3:17-cv-02240, 2018 WL 1954835 (S.D. W. Va. Apr. 2, 2018); Shannon v. Berryhill, No. 1:17-cv-00066-RJC, 2018 WL 1567368, at *2 (W.D.N.C. Mar. 30, 2018).

Here, as the ALJ continued his analysis beyond step two, remand is not appropriate simply because Plaintiff's alleged CVI and PAD were not labeled "severe" even if the ALJ erred in that determination. However, the ALJ is required to consider the limiting effects of all of the Plaintiff's impairments, including those that are nonsevere, in assessing the Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

### B. The ALJ's Failure to Discuss the Plaintiff's CVI and PAD in Forming the RFC

The RFC is "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion."

Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189.

"When assessing the claimant's RFC, the ALJ must examine 'all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Lewis v. Berryhill, 858 F.3d 858, 862 (4th Cir. 2017) (first quoting 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2); then quoting Mascio, 780 F.3d at 635). The ALJ must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. (quoting 20 C.F.R. §§ 404.1529(a), 416.929(a)). If there is sufficient evidence that the claimant has a medically determinable impairment, the ALJ "must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." Id. (quoting 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

In this case, the ALJ found at step two that the Plaintiff had the severe impairments of degenerative disk disease, osteoarthritis, 5th metatarsal fracture of the left foot, diabetes, neuropathy, hypertension, fibromyalgia, obesity, anxiety, and depression." [T. at 18]. The ALJ found that the Plaintiff had the non-severe impairments of PAD and hypercholesteremia. [Id.]. In his

12

discussion of his step two findings, the ALJ never mentioned the Plaintiff's CVI. During the RFC determination, the ALJ does not mention the Plaintiff's PAD or CVI.

A review of the ALJ's explanation shows that he did not discuss or reference certain significant portions of the Plaintiff's medical providers' reports in concluding the "medical evidence does not support the claimant's allegations of disabling functional limitations." [T. at 22]. The ALJ neglected to discuss clinical observations and testing that indicated symptoms of CVI and PAD. This included swelling in the Plaintiff's legs that got worse at the end of the day, claudication after only a short distance, "significant venous reflux," "extremely painful" varicose veins, and varicose veins with swelling. [See, e.g., T. at 679, 712, 897, 909, 910]. By not discussing this evidence, the ALJ did not perform the required analysis to determine how the Plaintiff's symptoms could limit her capacity for work or determine that the symptoms were not supported by the evidence. See 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). The ALJ also neglected to discuss the treatment notes of Doctor Griggs indicating that the Plaintiff should keep her "legs elevated when she is able" as part of her venous treatments. [T. at 680, 873].

Without reference to either PAD or CVI, the ALJ briefly mentioned the Plaintiff's symptoms of leg pain, numbness of the limbs and feet, and mild

13

edema. The ALJ's failure to cite specifically to either the CVI or PAD makes it impossible to confirm that he considered these complaints, or the medical evidence regarding these complaints and diagnoses, in reaching the RFC. Further, because the Plaintiff has diabetes and neuropathy and the ALJ did discuss those impairments, the Court does not know whether the ALJ thought the numbness, pain, and edema were related only to diabetes and neuropathy. This frustrates the Court's review. Woods, 888 F.3d at 694.

The Defendant attempts to justify the ALJ's failure to include discussion about the Plaintiff's CVI and PAD by asserting that the ALJ addressed the Plaintiff's issues more broadly through "restrictions arising out of diabetes and the associated neuropathy." [Doc. 13 at 18]. While "[i]t may well be" that the ALJ's discussion of the Plaintiff's numbness, pain, and edema was intended to encompass her CVI and PAD as well as her other impairments, "meaningful review cannot rest on such guesswork" by the Court. Woods, 888 F.3d at 694; see Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

Given the ALJ's failure to address the evidence of the Plaintiff's symptoms or discuss by name the Plaintiff's CVI and PAD, the Court cannot find that the ALJ considered the impairments of CVI and PAD in forming the

Plaintiff's RFC. Without consideration of the Plaintiff's CVI and PAD and her other severe and non-severe impairments in conjunction with CVI and PAD, the ALJ failed to both apply the correct legal standard and paint a logical bridge from the evidence to the conclusion he reached regarding Plaintiff's RFC. <u>Woods</u>, 888 F.3d at 694. The ALJ committed reversable error by failing to include in the RFC all of the Plaintiff's limitations or by failing to explain why accommodations for these limitations were not incorporated.

Accordingly, the matter is remanded. Because the Court finds that remand is necessary on this issue, the Court need not address the Plaintiff's other assignments of error, namely, that the ALJ did not properly evaluate the RFC finding from the earlier decision, that the ALJ did not sufficiently evaluate the Plaintiff's need for a cane, and that the ALJ did not explain why he did not incorporate a statement from one of the Plaintiff's treating sources into the RFC. As part of the overall reconsideration of the claim upon remand, the ALJ should, if necessary, also take into consideration the additional allegations raised by the Plaintiff.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ must consider the limiting effects of all of the Plaintiff's impairments, both severe and nonsevere, in determining her residual functional capacity.

## ORDER

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **GRANTED**, and that the Defendant's Motion for Summary Judgement [Doc. 12] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: February 1, 2021

Martin Reidinger
Chief United States District Judge